IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QUALITY WHOLESALE HOMES AND FURNISHINGS, INC., fka QUALITY WHOLESALES HOMES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID EDWARDS, aka DAVID CAVALIERI, aka DAVID ZUMSTEG, an individual; WHOLESALE MANUFACTURED HOMES DIRECT, a California dba; FACTORY DIRECT HOUSING, INC., a California corporation; CAMBEROS-SYSTEMS, a California dba; and JOHN DOES 1-10,<br><br>Defendants. | ORDER ON MOTION FOR ATTORNEY FEES AND COSTS<br><br>Case No. 2:06-cv-00092-TS-PMW<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A). Before the court is Quality Wholesale Homes and Furnishings, Inc. fka Quality Wholesale Homes, Inc.'s ("Plaintiff") amended motion for attorney fees and costs.[1] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be

---

[1] Docket no. 51.

helpful or necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## BACKGROUND

Plaintiff's complaint in this case contains eight causes of action against multiple defendants, including Defendant Factory Direct Housing, Inc. dba Wholesale Manufatured Homes Direct ("Factory Direct").[2]  Four of Plaintiff's eight causes of action are based upon provisions of the Utah Code.

On August 7, 2006, Factory Direct presented Plaintiff with an offer of judgment, pursuant to rule 68 of the Federal Rules of Civil Procedure, "to take judgment against Factory Direct in this matter in the sum of Two Thousand Dollars ($2,000) with costs now accrued."[3]  Plaintiff subsequently accepted this offer of judgment and filed proof of acceptance with the court.[4]

Plaintiff then filed the motion before the court, seeking (1) an award of costs in the amount of $781.71 against Factory Direct, in accordance with rule 68 and the offer of judgment; and (2) an award of attorney fees in the amount of $18,673.25 against Factory Direct, pursuant to three of the statutory provisions included in Plaintiff's complaint.  *See* Utah Code Ann. §§ 13-5a-103(1)(b)(ii), 13-11a-4(2)(c), 13-24-5.  Factory Direct does not oppose the portion of Plaintiff's motion seeking costs, but does oppose the portion seeking attorney fees.

---

[2] Docket no. 1, Exhibit A.

[3] Docket no. 40.

[4] Docket no. 41.

## ANALYSIS

Plaintiff argues that Factory Direct's offer of judgment, which is silent on the issue of attorney fees, allows Plaintiff to recover its attorney fees from Factory Direct under several statutory provisions. *See* Utah Code Ann. §§ 13-5a-103(1)(b)(ii), 13-11a-4(2)(c), 13-24-5.

In relevant part, rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued*.

Fed. R. Civ. P. 68 (emphasis added). When faced with the issue of whether the term "costs" in rule 68 included attorney fees awardable under a particular statutory provision, the United States Supreme Court concluded that

> the term "costs" in [r]ule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of [r]ule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney[] fees, we are satisfied such fees are to be included as costs for purposes of [r]ule 68.

*Marek v. Chesney*, 473 U.S. 1, 9 (1985).

*Marek* makes it clear that a plaintiff is entitled to an award of attorney fees as part of "costs" under rule 68 when the underlying statute defines "costs" to include attorney fees. *See id*. The statutes underlying Plaintiff's claim for attorney fees do not define "costs" to include attorney fees. *See* Utah Code Ann. §§ 13-5a-103(1)(b)(ii), 13-11a-4(2)(c), 13-24-5.

Accordingly, Plaintiff is not, and does not claim to be, entitled to its attorney fees from Factory Direct as a part of "costs" under rule 68.

Instead, Plaintiff argues that accepting Factory Direct's offer of judgment, which is silent on the issue of attorney fees, does not preclude it from seeking an award of attorney fees against Factory Direct directly under the underlying statutes, rather than as "costs" under rule 68. *Marek* does not address the specific issue raised by Plaintiff's argument. Plaintiff cites cases from courts outside of the Tenth Circuit for the proposition that a plaintiff is not precluded from seeking an award of attorney fees when that plaintiff has accepted a rule 68 offer of judgment that is ambiguous or silent on the issue of attorney fees and the underlying statute does not define "costs" to include attorney fees. *See, e.g.*, *Webb v. James*, 147 F.3d 617, 622-23 (7th Cir. 1998); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997).

However, the court is not required to resolve that issue in this case. Even if the court accepts as true, for the sake of argument, Plaintiff's assertion that it is not precluded from seeking attorney fees, the court has determined that Plaintiff is not entitled to an award of attorney fees from Factory Direct.

Although Plaintiff cites three statutory provisions in support of its claim for attorney fees, two of these provisions contain permissive language concerning an award of attorney fees. *See* Utah Code Ann. §§ 13-5a-103(1)(b)(ii) (stating that "a person injured by unfair competition *may* recover . . . attorney fees" (emphasis added)), 13-24-5 ("If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court *may* award reasonable attorney[] fees to the

4

prevailing party." (emphasis added)).  Under the circumstances of this case, the court refuses to award Plaintiff its attorney fees from Factory Direct under the permissive power provided by either of these statutes.

Only one of the provisions Plaintiff relies upon provides for a mandatory award of attorney fees to the prevailing party.  *See* Utah Code Ann. § 13-11a-4(2)(c) ("The court *shall* award attorney[] fees to the *prevailing party*." (emphasis added)).  Accordingly, to be entitled to attorney fees under this provision, Plaintiff must be the "prevailing party" against Factory Direct under Utah law.  *See Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1403 (10th Cir. 1993) ("We ascertain and apply [a New Mexico statutory] fee-shifting provision such that we reach the same result that a New Mexico court would reach.").

In making the determination about which party is the "prevailing party" for purposes of a mandatory attorney fee award under a statute, Utah courts take a "flexible and reasoned approach."  *A.K. & R. Whipple Plumbing & Heating v. Guy*, 2004 UT 47,¶26, 94 P.3d 270.  "This approach requires not only consideration of the significance of the net judgment in the case, but also 'looking at the amounts actually sought and then balancing them proportionally with what was recovered.'"  *Id*. (citation omitted).  "[T]rial courts should, as permitted by statute and other applicable law, use their common sense in deciding whether a party was 'successful' . . . ."  *Id*.  The Utah Supreme Court is "persuade[d] . . . that in the great majority of cases, the flexible and reasoned approach will identify a clearly successful party that is genuinely entitled to receive attorney fees."  *Id*.

5

Employing the flexible and reasoned approach, the court is not persuaded that Plaintiff is the prevailing party against Factory Direct. Plaintiff's complaint contains eight causes of action against Factory Direct, only one of which was brought under the statutory provisions requiring a mandatory award of attorney fees to the prevailing party. *See* Utah Code Ann. § 13-11a-4(2)(c). Plaintiff asserts that it is the prevailing party because it obtained $2,000 from Factory Direct, the statutory minimum for damages provided by section 13-11a-4. *See id.* § 13-11-4(2)(b) (stating that "the plaintiff is entitled to recover from the defendant the amount of actual damages sustained or $2,000, whichever is greater"). However, even if the court assumes that Plaintiff was successful on that sole cause of action against Factory Direct, Plaintiff has failed to demonstrate how or if it was successful on its other seven causes of action against Factory Direct. Based on the allegations and causes of action contained in Plaintiff's complaint, the court is inclined to agree with Factory Direct's assertion that its $2,000 offer of judgment represented a nuisance-value payment that would bring the case against it to a close.

For these reasons, the court concludes that Plaintiff was not the prevailing party against Factory Direct for purposes of an attorney fee award. Therefore, Plaintiff is not entitled to a mandatory award of attorney fees under section 13-11a-4.

## CONCLUSION

Plaintiff's amended motion for attorney fees and costs[5] is GRANTED IN PART AND DENIED IN PART. In accordance with rule 68 and the terms of Factory Direct's offer of

---

[5] Docket no. 51.

judgment, the portion of Plaintiff's motion requesting an award of costs against Factory Direct in the amount of $781.71 is GRANTED.  The portion of Plaintiff's motion requesting an award of attorney fees against Factory Direct in the amount of $18,673.25 is DENIED.

DATED this 24th day of October, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge