IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **QUALITY WHOLESALE HOMES AND FURNISHINGS, INC., fka QUALITY WHOLESALES HOMES, INC., a Nevada corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**DAVID EDWARDS aka DAVID CAVALIERI aka DAVID ZUMSTEG, an individual; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**Case No. 2:06-cv-00092-TS-PMW**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A). Before the court is Quality Wholesale Homes and Furnishings, Inc. fka Quality Wholesale Homes, Inc.'s ("Plaintiff") unopposed motion to compel.[1] Plaintiff's motion seeks a court order (1) compelling David Edwards aka David Cavalieri aka David Zumsteg ("Edwards") to respond to the interrogatories and requests for production of documents contained in Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents sent to Edwards (the "First Set of Discovery Requests"); (2) deeming as admitted the requests for admission contained in the First

---

[1] *See* docket no. 70.

Set of Discovery Requests; and (3) awarding Plaintiff reasonable expenses incurred in bringing its motion to compel.

### 1. Interrogatories and Requests for Production

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories and requires a party upon whom interrogatories are served to respond to them within thirty (30) days after they are served.  *See* Fed. R. Civ. P. 33(b)(3).  Rule 34 of the Federal Rules of Civil Procedure governs requests for production and requires a party upon whom requests for production are served to respond to them within thirty (30) days after they are served.  *See* Fed. R. Civ. P. 34(b).

According to the docket in this case, the First Set of Discovery Requests was sent to Edwards on November 30, 2006.[2]  Plaintiff asserts that it has not received any responses from Edwards to either the interrogatories or the requests for production contained in the First Set of Discovery Requests.

Without the benefit of an opposition to Plaintiff's motion from Edwards, the court is left to conclude that Edwards has provided neither substantive responses nor objections to Plaintiff's interrogatories and requests for production.  The court recognizes that Edwards is proceeding pro se in this matter.  However, this does not excuse him from complying with the basic requirements of the Federal Rules of Civil Procedure, including those related to discovery.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This

---

[2]  *See* docket no. 57.

court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

For these reasons, Plaintiff's request for an order compelling Edwards to respond to the interrogatories and requests for production from the First Set of Discovery Requests is **GRANTED**. Edwards shall respond to said interrogatories and requests for production on or before August 24, 2007.

### 2. Requests for Admission

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. *See* Fed. R. Civ. P. 36.

> Rule 36(a) provides that "[a] party may serve upon any other party a written request for the admission" of the truth of certain matters. If the receiving party fails to respond to the request within [thirty (30)] days, or within such other time as the court may allow, the matter is deemed admitted.

*Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005) (first alteration in original) (quoting Fed. R. Civ. P. 36(a)).

As previously noted, the First Set of Discovery Requests was sent to Edwards on November 30, 2006.[3] Plaintiff asserts that it has not received any responses from Edwards to the requests for admission contained in the First Set of Discovery Requests.

Again, without the benefit of an opposition to Plaintiff's motion from Edwards, the court is left to conclude that Edwards has failed to respond to Plaintiff's requests for admission. Plaintiff is correct that this failure provides a basis for the court to order that those requests for

---

[3] *See* docket no. 57.

admission be deemed admitted by Edwards.  *See* Fed. R. Civ. P. 36(a); *Raiser*, 409 F.3d at 1246. However, because Edwards is appearing pro se, the court will provide him with additional time to comply with his discovery obligations under the Federal Rules of Civil Procedure.

For these reasons, Plaintiff's request for an order deeming as admitted the requests for admission contained in the First Set of Discovery Requests is **DENIED** at this time.  However, Edwards is ordered to respond to those requests for admission on or before August 24, 2007.  If Edwards fails to respond by said date, those requests for admission will be deemed admitted by Edwards, and Plaintiff may then bring a motion for an order to that effect.

### 3.  Reasonable Expenses

Plaintiff asserts that it is entitled to an award of reasonable expenses incurred in bringing its motion to compel.  *See* Fed. R. Civ. P. 37(a)(4)(A).  The court disagrees.

Rule 37(a)(2) provides the requirements for a motion to compel.  *See* Fed. R. Civ. P. 37(a)(2).  Under that rule, Plaintiff's motion to compel "must include a certification that [Plaintiff] has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."  Fed. R. Civ. P. 37(a)(2)(B).  Similarly, civil rule 37-1(a) of the Rules of Practice for the United States District Court for the District of Utah provides:

> Unless otherwise ordered, the court will not entertain any discovery motion . . . unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion.  Such statement must recite, in addition, the date, time, and

       place of such consultation and the names of all participating parties
       or attorneys.

DUCivR 37-1(a).  In addition, rule 37(a)(4)(A), which governs expenses and sanctions relating to motions to compel, provides that the court should not award reasonable expenses to the movant if "the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action."  Fed. R. Civ. P. 37(a)(4)(A).

      Plaintiff's motion does not contain the required certification or statement of its good faith efforts to resolve the issues set forth in its motion to compel without court action.  Instead, Plaintiff makes the general, unsupported assertions that Edwards "has simply ignored" the First Set of Discovery Requests and that "Plaintiff has made good faith attempts to encourage [his] compliance with discovery."  Without any detail concerning those "good faith attempts," the court is unable to determine if they constitute the type of efforts contemplated by rule 37(a)(2) and rule 37-1(a).

      For these reasons, the court has determined that an award of reasonable expenses to Plaintiff under rule 37(a)(4)(A) is not warranted.  Accordingly, Plaintiff's request for such an award is **DENIED**.

      However, if Edwards fails to comply with the deadline set in this order, Plaintiff may bring a motion for an award of appropriate sanctions pursuant to rule 37(d).  *See* Fed. R. Civ. P. 37(d).  For the court to consider any such motion, it must be in compliance with the requirements set forth in rule 37(d).  *See id*.

In summary, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's request for an order compelling Edwards to respond to the interrogatories and requests for production contained in the First Set of Discovery Requests is **GRANTED**. Edwards shall respond to said interrogatories and requests for production on or before August 24, 2007.

2. Plaintiff's request for an order deeming as admitted the requests for admission contained in the First Set of Discovery Requests is **DENIED** at this time. However, Edwards is ordered to respond to those requests for admission on or before August 24, 2007. If Edwards fails to respond by said date, those requests for admission will be deemed admitted by Edwards, and Plaintiff may then bring a motion for an order to that effect.

3. Plaintiff's request for an award of reasonable expenses incurred in bringing its motion to compel is **DENIED**. However, if Edwards fails to comply with the deadline set in this order, Plaintiff may bring a motion for an award of appropriate sanctions pursuant to rule 37(d).

**IT IS SO ORDERED**.

DATED this 31st day of July, 2007.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge