**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **QUALITY WHOLESALE HOMES AND FURNISHINGS, INC., fka QUALITY WHOLESALE HOMES, INC., a Nevada corporation,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:06-cv-00092-TS-PMW** |
| **DAVID EDWARDS aka DAVID CAVALIERI aka DAVID ZUMSTEG, an individual; WHOLESALE MANUFACTURED HOMES DIRECT, a California dba; FACTORY DIRECT HOUSING, INC., a California corporation; CAMBEROS-SYSTEMS, a California dba; and JOHN DOES 1-10,** | **District Judge Ted Stewart** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are two documents filed by Luis Camberos dba Camberos-Systems ("Defendant").  The first document is captioned both as a memorandum in opposition to Quality Wholesale Homes and Furnishings, Inc., fka Quality Wholesale Homes, Inc.'s ("Plaintiff") memorandum in opposition to Defendant's first motion to compel and as a second request for a motion to compel the production of documents.[2]  The

---

[1] *See* docket no. 37.

[2] *See* docket no. 93.

second document, which the court has construed as Defendant's second motion to compel, is

captioned, "Meet and Confer."[3]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the

United States District Court for the District of Utah, the court has concluded that oral argument is

not necessary and will determine the motion on the basis of the written memoranda.  *See*

DUCivR 7-1(f).

Because Defendant is proceeding pro se in this case, the court construes his pleadings

liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  Accordingly,

the court will treat both of the above-referenced documents as part of Defendant's second motion

to compel.

On October 2, 2007, Defendant filed his first motion to compel.[4]  In that motion,

Defendant sought a court order compelling Plaintiff to respond to his requests for production of

documents.  Defendant asserted that he sent those requests for production to Plaintiff on two

separate occasions prior to filing his motion and for a third time on the date his motion was filed.

Plaintiff filed a memorandum in opposition to that motion on October 4, 2007.[5]  In that

memorandum, Plaintiff referenced a certificate of service in the docket indicating that Plaintiff

had provided responses to Defendant's requests for production of documents.[6]  Plaintiff also

noted that Defendant had failed to include a certification or statement that he in good faith

---

[3] Docket no. 94.

[4] *See* docket no. 78.

[5] *See* docket no. 79.

[6] *See* docket no. 64.

conferred or attempted to confer with Plaintiff in an effort to secure those responses prior to filing his motion to compel. *See* Fed. R. Civ. P. 37(a)(1) (providing that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); *see also* DUCivR 37-1(a). Finally, Plaintiff asserted that if Defendant had made that effort, Plaintiff would have simply resent the responsive documents to him, thereby obviating the need for Defendant's motion and the court's involvement in the matter. For those reasons, Plaintiff urged the court to deny Defendant's motion and to award Plaintiff the attorney fees and costs incurred in responding to the motion. *See* Fed. R. Civ. P. 37(a)(5)(B) (providing for an award of "reasonable expenses," including attorney fees, to a party who successfully opposes a motion to compel, unless "the motion was substantially justified or other circumstances make an award of expenses unjust").

Defendant never filed a reply memorandum to respond to any of the above-referenced arguments made by Plaintiff. For that reason, and based upon the certificate of service referenced by Plaintiff, this court entered an order on November 8, 2007, denying Defendant's first motion to compel.[7] That notwithstanding, this court also determined that an award of attorney fees and costs to Plaintiff was not appropriate under the circumstances.

As a final matter, this court noted that its ruling on Defendant's first motion to compel was based, in part, on Defendant's failure to file a reply memorandum to respond to Plaintiff's

---

[7] *See* docket no. 82.

arguments.  Accordingly, and based upon Defendant's pro se status in this case, this court indicated that Defendant was free to file a renewed motion to compel if Plaintiff's responses to his requests for production were indeed deficient in some respect.  This court also indicated that any such motion must specify the manner in which Plaintiff's responses are deficient and must comply with the requirements of rule 37 and rule 37-1.  *See* Fed. R. Civ. P. 37(a); DUCivR 37-1.

On January 28, 2008, Defendant filed his second motion to compel, which is the motion before the court.  In that motion, Defendant makes the general argument that Plaintiff's production of documents in response to his requests for production are "deficient."[8]  Defendant asserts that Plaintiff has failed to supplement its production of documents and "has not provided most documents to date."[9]  Defendant then lists his requests for production and indicates, with one exception, that Plaintiff has not provided any documents in response to those requests.  As previously indicated, Defendant's second motion to compel also includes a document captioned, "Meet and Confer."[10]  That document merely indicates Defendant's belief that Plaintiff has not adequately responded to his requests for production and repeats those requests.

On February 1, 2008, Plaintiff filed its memorandum in opposition to Defendant's second motion to compel.[11]  In that memorandum, Plaintiff argues that Defendant's motion should be denied because it does not comply with the requirements of rule 37 and rule 37-1.  Plaintiff also

---

[8]  Docket no. 93.

[9]  *Id*.

[10]  Docket no. 94.

[11]  *See* docket no. 95.

asserts that it has fully responded to Defendant's requests for production of documents.  Plaintiff notes that it has produced all documents responsive to those requests, except for those instances where it made legitimate objections to the requests.

As he did with his first motion to compel, Defendant has failed to file a reply memorandum within the time allowed for doing so.  Consequently, the court is again left to determine Defendant's motion without the benefit of his response to Plaintiff's arguments.

Despite this court's indication that any renewed motion to compel must comply with the requirements of rule 37 and rule 37-1, Defendant's second motion to compel fails to comply with those requirements in two main respects.  First, Defendant's motion does not include the required "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* DUCivR 37-1(a) (providing that the court will not entertain any discovery motion unless it includes a statement showing the parties have "made a reasonable effort to reach agreement . . . on the matters set forth in the motion" and that "[s]uch statement must recite . . . the date, time, and place of such consultation and the names of all participating parties or attorneys").  While the court recognizes that Defendant did file a document entitled, "Meet and Confer,"[12] that document merely restates Defendant's requests for production and does not constitute the good faith efforts required by rule 37(a)(1) and rule 37-1(a).  Notably, Defendant's submissions fail to reference any efforts to communicate with Plaintiff's counsel in

---

[12] Docket no. 94.

an attempt to reach a resolution regarding the requested documents, and Plaintiff asserts that Defendant has failed to make any such efforts.

Second, Defendant's motion does not comply with the requirements of rule 37-1(b), which requires any motion to compel to "be accompanied by a copy of the [relevant] discovery request[s], the response to the request[s] to which objection[s] [are] made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate." DUCivR 37-1(b). While Defendant has restated his requests for production several times in his submissions, he has not included any of Plaintiff's responses or objections to those requests or his arguments concerning why the responses are inadequate or the objections are improper. *See id*. As previously noted, Plaintiff has admitted that it objected to several of Defendant's requests for production. Those objections appear to be the main reason why Defendant believes Plaintiff has failed to fully respond to his requests for production. However, Plaintiff is not required to produce documents simply because Defendant has requested them. Indeed, the rule governing requests for production specifically addresses a party's ability to object to a request. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C). By failing to ensure that his motion complied with the requirements of rule 37-1(b), Defendant has failed to provide the court with adequate information to determine whether Plaintiff's responses to his requests for production are deficient or improper.

For these reasons, Defendant's second motion to compel is **DENIED**. Notwithstanding the fact that Defendant is proceeding pro se in this case, it is still appropriate for the court to base its ruling on Defendant's failure to adhere to the applicable procedural rules. It is well settled

that pro se litigants must comply with rules of procedure.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).  Further, this court specifically and preemptively notified Defendant in its November 8, 2007 order that any renewed motion to compel must comply with the requirements of rule 37 and rule 37-1.

As a final matter, Plaintiff requests an award of attorney fees and costs incurred in responding to Defendant's second motion to compel based on its successful opposition to that motion.  *See* Fed. R. Civ. P. 37(a)(5)(B).  The court has carefully considered that request and determined that an award of attorney fees and costs to Plaintiff is not appropriate under all the circumstances.  *See id.*  However, Defendant is hereby put on notice that if he files any future motions to compel in this case suffering from the same procedural deficiencies addressed in this memorandum decision and order, the court may well require him to pay such an award.

**IT IS SO ORDERED**.

DATED this 21st day of April, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge